IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 22 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00284-ZLW

STEVE APODACA,

    Plaintiff,

v.

BILL CLASPELL, Investigator for the Inspector General's Office, CDOC, and
DR. PEGGY STEELE, CSP/CCF Mental Health Therapist, CDOC,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Steve Apodaca, filed *pro se* on April 13, 2009, a motion titled "Motion of Objection to Dismissal of Civil Action, and Request for Reinstatement of Civil Action" asking the Court to reconsider and vacate the Order of Dismissal and the Judgment filed in this action on March 23, 2009. The Court must construe the motion for reconsideration liberally because Mr. Apodaca is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Apodaca's motion to reconsider in this action, which was filed more than ten days after the Order of Dismissal and the Judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice for Mr. Apodaca's failure, within the time allowed, to pay the initial partial filing fee of $12.00 or to show cause as directed why he has no assets and no means by which to pay the designated initial partial filing fee. Mr. Apodaca's submission of an uncertified copy of his trust fund account statement for a two-month period as an attachment to the April 13, 2009, motion does not cure the original deficiency. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Apodaca fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied.

The Court notes that the dismissal of this action was without prejudice. If Mr. Apodaca wishes to pursue his claims, he may do so by initiating a separate action and by complying with any cure orders in a timely manner. Accordingly, it is

ORDERED that the motion "Motion of Objection to Dismissal of Civil Action, and Request for Reinstatement of Civil Action" that Plaintiff, Steve Apodaca, filed *pro se* on

April 13, 2009, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied.

DATED at Denver, Colorado, this 22 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00284-BNB

Steve Apodaca
Prisoner No. 50798
Centennial Corr. Facility
PO Box 600 - Unit A-2-12
Cañon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk